**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.**

ACCELERANT SPECIALTY
INSURANCE COMPANY, a/s/o
PATRICK DOHERTY, as owner
of the vessel, a 2003 Azimut with
Hull Identification Number
XAX392301304,

       **Plaintiff,**

**v.**

FLEET REPAIR & MARINE
and SHEEPSHEAD DIVING,

       **Defendants.**

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ACCELERANT SPECIALTY INSURANCE COMPANY a/s/o PATRICK DOHERTY, as owner of the vessel, a 2003 Azimut with Hull Identification Number XAX392301304 (hereinafter "Subject Vessel"), by and through undersigned counsel, sues Defendants, FLEET REPAIR & MARINE ("Fleet Repair") and SHEEPSHEAD DIVING ("Sheepshead Diving"), and alleges as follows:

### JURISDICTION AND VENUE

1.     This is a civil action for damages in excess of $75,000, exclusive of interest and costs.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. Alternatively, this action falls within the Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333(1) and is governed by general maritime law because it arises out of a maritime contract for the repair, modification, and outfitting of a vessel and related maritime torts.

3. Plaintiff is a Colorado resident. At all times material hereto, Plaintiff issued a policy of insurance covering the vessel described herein. Claims arising from the loss of the vessel have been presented to and paid by Plaintiff, which is thereby subrogated to the rights of its insureds and brings this action in its own name and as agent for its insured PATRICK DOHERTY (the "Assured").

4. Upon information and belief, Fleet Repair is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 5033 SW 11th Court, Cape Coral, FL 33914, and is therefore a citizen of Florida for purposes of 28 U.S.C. § 1332.

5. Upon information and belief, Sheepshead Diving is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 21471 Circlewood Avenue, Port Charlotte, FL 33952, and is therefore a citizen of Florida for purposes of 28 U.S.C. § 1332.

2

6.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Defendants reside in this District and is subject to this Court's personal jurisdiction, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the State of Florida.

7.     Fleet Repair personally or through its agents or representatives operated, conductabove-describedor carried on a business venture in the state of Florida and/or has an office or agency in this state; and/or was engaged in substantial business activity within the state of Florida; and/or committed one or more of the acts identified as giving rise to jurisdiction in Florida Statutes §§ 48.081, 48.181, or 48.193; and/or engaged in continuous and non-isolated activity within the state of Florida, including but not limited to entering into contracts, undertakings, and agreements with various third parties as part of its above described business activities which required and contemplated regular actions and activities to be performed within the state of Florida and its territorial waters of the United States and accordingly is subject to the jurisdiction of this Court.

8.     Sheepshead Diving personally or through its agents or representatives operated, conducted, engaged in or carried on a business venture in the state of Florida and/or has an office or agency in this state; and/or was engaged in substantial business activity within the state of Florida; and/or committed one or more of the acts identified as giving rise to jurisdiction

3

in Florida Statutes §§ 48.081, 48.181, or 48.193; and/or engaged in continuous and non-isolated activity within the state of Florida, including but not limited to entering into contracts, undertakings, and agreements with various third parties as part of its above described business activities which required and contemplated regular actions and activities to be performed within the state of Florida and its territorial waters of the United States and accordingly is subject to the jurisdiction of this Court.

## PARTIES

9.     At all relevant times, Plaintiff was and is an insurance company duly authorized to do business and to issue marine insurance policies.

10.     At all relevant times, Plaintiff insured a recreational vessel owned by its insured, PATRICK DOHERTY, under a policy of marine insurance that provided coverage for, among other things, physical loss or damage to the Subject Vessel.

11.     Upon information and belief, Fleet Repair is engaged in the business of repairing and servicing vessels and marine equipment.

12.     Upon information and belief, Sheepshead Diving is engaged in the business of repairing and servicing vessels and marine equipment.

## GENERAL ALLEGATIONS

13.     On September 14, 2025, the Subject Vessel sank while moored at Sanibel Marina.

14.  Fleet Repair and Sheepshead Diving had been hired by the Assured to conduct repairs and hull maintenance.

15.  Upon information and belief, Fleet Repair removed both transmissions from the Subject Vessel in the course of performance.

16.  Fleet Repair did not haul the vessel out of the water while performing this work.

17.  Both the propeller shafts and propellers were left unrestrained inside the bilge during the repairs.

18.  Fleet Repair violated industry practice and the manufacturer specifications.

19.  During a scheduled maintenance, a Sheepshead Diving diver inadvertently pushed the port shaft inward approximately one inch (1") and immediately noted that the port transmission was missing.

20.  A physical inspection of the vessel was conducted on September 24, 2025, when the vessel was hauled out at Bob & Annie's Boatyard.

21.  Upon examining the engines, generator, and vessel systems, the surveyor confirmed that the observed damage was fully consistent with a sinking event. Notably, the port transmission had been removed, and the port propeller shaft and propeller were still present but completely unsecured within the bilge.

22.  Fleet Repair created an unseaworthy and unsafe condition.

5

23.    Pursuant to its obligations under the marine insurance policy, Plaintiff paid the Assured a total of $221,500.00 for the loss of the Subject Vessel.

24.    By virtue of these payments, Plaintiff is subrogated to all rights, claims, and causes of action that the Assured has or may have against Fleet Repair and Sheepshead Diving, to the extent of Plaintiff's payment and any amounts owed to the Assured.

25.    Plaintiff has become subrogated to the Assured's rights and interest to claims against third parties responsible for the damage to the subject vessel and related expenses, up to the amount paid under the policy.

26.    Plaintiff has performed and satisfied all conditions precedent for maintenance of this action, or all such conditions have occurred.

## COUNT I – GENERAL NEGLIGENCE AGAINST FLEET REPAIR

27.    Plaintiff realleges and incorporates by reference Paragraphs one (1) through twenty-six (26) as if fully set forth herein.

28.    Fleet Repair owed a duty to exercise reasonable care in the repair and modification of the Subject Vessel's transmissions.

29.    Fleet Repair knew, or in the exercise of reasonable care should have known, that failing to secure the propeller shafts created a serious and foreseeable unsafe condition.

6

30.   Fleet Repair breached its duty of care in one or more of the following ways, including:

   a. Removing the transmissions while the vessel remained afloat;

   b. Leaving both propeller shafts unsecured and unsupported;

   c. Failing to follow manufacturer requirements mandating retention of the shaft in a compressed-seal position;

   d. Failing to ensure watertight integrity after altering the vessel's seaworthy state;

   e. Failing to haul the vessel for transmission removal, contrary to safe marine practice; and

   f. Otherwise failing to act as a reasonably prudent marine service provider under the same or similar circumstances.

31.   The dangerous condition created by Fleet Repair's negligent acts and omissions was latent and not reasonably discoverable by the Assured.

32.   As a direct and proximate result of Fleet Repair's negligence, the Subject Vessel sank.

33.   Plaintiff, as subrogee of the Assured, has suffered damages in at least the amount of $221,500.00, plus the deductible and any other recoverable damages, together with interest and costs.

**WHEREFORE,** Plaintiff demands judgment against Defendant Fleet Repair on Count I for all damages recoverable at law, together with pre- and post-judgment interest, costs of this action, and such other and further relief as the Court deems just and proper.

## COUNT II – GENERAL NEGLIGENCE AGAINST
## SHEEPSHEAD DIVING

34.   Plaintiff realleges and incorporates by reference Paragraphs one (1) through twenty-six (26) as if fully set forth herein.

35.   Sheepshead Diving owed a duty to exercise reasonable care in the maintenance of Subject Vessel.

36.   Sheepshead Diving knew or in the exercise of reasonable care should have known that moving the unsecured propeller shafts created a serious and foreseeable unsafe condition.

37.   Sheepshead Diving breached its duty of care in one or more of the following ways, including:

   a. Moving the unsecured propeller shafts created a serious and foreseeable unsafe condition; and

   b. Otherwise failing to act as a reasonably prudent marine service provider under the same or similar circumstances.

38.   The dangerous condition created by Sheepshead Diving's negligent acts and omissions was latent and not reasonably discoverable by the Assured.

39.   As a direct and proximate result of Sheepshead Diving's negligence, the Subject Vessel sank.

40.   Plaintiff, as subrogee of the Assured, has suffered damages in at least the amount of $221,500.00, plus the deductible and any other recoverable damages, together with interest and costs.

8

**WHEREFORE,** Plaintiff demands judgment against Defendant Sheepshead Diving on Count II for all damages recoverable at law, together with pre- and post-judgment interest, costs of this action, and such other and further relief as the Court deems just and proper.

## COUNT III – NEGLIGENT REPAIR AND/OR MAINTENANCE AGAINST FLEET REPAIR

41.    Plaintiff realleges and incorporates by reference Paragraphs one (1) through twenty-six (26) as if fully set forth herein.

42.    Fleet Repair undertook, for consideration, to provide professional marine services, including the repair of the transmissions.

43.    In undertaking this work, Fleet Repair owed a duty to perform all services in a safe, competent, and workmanlike manner, consistent with the skill and care ordinarily exercised by reasonably prudent marine service providers and in accordance with applicable industry standards.

44.    Fleet Repair breached its duty to perform its work in a workmanlike manner by, among other things:

   a. Removing the transmissions while the vessel remained afloat;

   b. Leaving both propeller shafts unsecured and unsupported;

   c. Failing to follow manufacturer requirements mandating retention of the shaft in a compressed-seal position;

9

d. Otherwise performing the work in an unsafe, unreasonably dangerous, and unworkmanlike manner;

e. Failing to ensure watertight integrity after altering the vessel's seaworthy state;

f. Failing to haul the vessel for transmission removal, contrary to safe marine practice; and

g. Otherwise failing to act as a reasonably prudent marine service provider under the same or similar circumstances.

45. The unworkmanlike repairs and/or maintenance performed by Fleet Repair directly and proximately caused the Subject Vessel to sink.

46. As a result of Defendant Fleet Repair's negligent workmanship, Plaintiff has sustained damages as set forth above.

**WHEREFORE,** Plaintiff demands judgment against Fleet Repair on Count III for all damages recoverable at law, together with pre- and post-judgment interest, costs of this action, and such other and further relief as the Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT AGAINST FLEET REPAIR

47. Plaintiff realleges and incorporates by reference Paragraphs one (1) through twenty-six (26) as if fully set forth herein.

48. Fleet Repair entered into a contract—written, oral, and/or implied in fact—with the owner of the Subject Vessel to perform repairs on the Subject Vessel's transmissions (the "Repair Contract").

49.    Upon information and belief, under the Repair Contract, Fleet Repair agreed, for good and valuable consideration, to perform the repairs in a good, safe, and workmanlike manner consistent with applicable industry standards and suitable for the ordinary and foreseeable use of the Subject Vessel by current and subsequent owners such as the Assured.

50.    Fleet Repair materially breached the Repair Contract by failing to perform the work in accordance with applicable standards.

51.    Fleet Repair's breaches of the Repair Contract directly and proximately resulted in the vessel sinking.

52.    As a consequence of these breaches, Plaintiff, as subrogee of the Assured, has suffered damages in at least the amount of $221,500.00, plus the deductible and any other recoverable damages, together with interest and costs.

**WHEREFORE,** Plaintiff demands judgment against Fleet Repair on Count IV for all damages recoverable at law, together with pre- and post-judgment interest, costs of this action, and such other and further relief as the Court deems just and proper.

### COUNT V – BREACH OF CONTRACT AGAINST SHEEPSHEAD DIVING

53.    Plaintiff realleges and incorporates by reference Paragraphs one (1) through twenty-six (26) as if fully set forth herein.

11

54. Sheepshead Diving entered into a contract—written, oral, and/or implied in fact—with the owner of the Subject Vessel to perform service on the Subject Vessel (the "Service Contract").

55. Upon information and belief, under the Service Contract, Sheepshead Diving agreed, for good and valuable consideration, to perform the service on the Subject Vessel in a good, safe, and workmanlike manner consistent with applicable industry standards and suitable for the ordinary and foreseeable use of the Subject Vessel by current and subsequent owners such as the Assured.

56. Fleet Repair materially breached the Service Contract by failing to perform the work in accordance with applicable standards.

57. Fleet Repair's breaches of the Service Contract directly and proximately resulted in the vessel sinking.

58. As a consequence of these breaches, Plaintiff, as subrogee of the Assured, has suffered damages in at least the amount of $221,500.00, plus the deductible and any other recoverable damages, together with interest and costs.

**WHEREFORE,** Plaintiff demands judgment against Sheepshead Diving on Count V for all damages recoverable at law, together with pre- and post-judgment interest, costs of this action, and such other and further relief as the Court deems just and proper.

12

## COUNT VI – BREACH OF IMPLIED WARRANTY OF WORKMANLIKE PERFORMANCE AGAINST FLEET REPAIR

59.    Plaintiff realleges and incorporates by reference Paragraphs one (1) through twenty-six (26) as if fully set forth herein.

60.    As alleged above, Fleet Repair entered into the Repair Contract to perform transmission repairs on the Subject Vessel.

61.    By undertaking to provide professional marine services Fleet Repair impliedly warranted that its work would be performed in a safe, competent, and workmanlike manner, consistent with:

      a. The skill and care ordinarily exercised by reasonably prudent marine service providers; and

      b. Applicable marine industry standards.

62.    The Assured, as the owner and user of the Subject Vessel, was an intended beneficiary of Fleet Repair's implied warranty of workmanlike performance.

63.    Fleet Repair breached the implied warranty of workmanlike performance by, among other things:

      a. Removing the transmissions while the vessel remained afloat;

      b. Leaving both propeller shafts unsecured and unsupported;

      c. Failing to follow manufacturer requirements mandating retention of the shaft in a compressed-seal position;

      d. Otherwise performing the work in an unsafe, unreasonably dangerous, and unworkmanlike manner;

13

e. Failing to ensure watertight integrity after altering the vessel's seaworthy state;

f. Failing to haul the vessel for transmission removal, contrary to safe marine practice; and

g. Otherwise failing to act as a reasonably prudent marine service provider under the same or similar circumstances.

64. As a result of these breaches of the implied warranty of workmanlike performance, the propeller shafts were not reasonably safe, was not fit for its intended and ordinary marine use, and rendered the Subject Vessel susceptible to sinking.

65. Fleet Repair's breach of the implied warranty of workmanlike performance directly and proximately caused the vessel to sink on September 14, 2025.

66. As a consequence of these breaches, Plaintiff, as subrogee of the Assured, has suffered damages in at least the amount of $221,500.00, plus the deductible and any other recoverable damages, together with interest and costs.

**WHEREFORE,** Plaintiff demands judgment against Fleet Repair on Count VI for all damages recoverable at law, together with pre- and post-judgment interest, costs of this action, and such other and further relief as the Court deems just and proper.

## COUNT VII – BREACH OF IMPLIED WARRANTY OF WORKMANLIKE PERFORMANCE AGAINST SHEEPSHEAD DIVING

67.    Plaintiff realleges and incorporates by reference Paragraphs one (1) through twenty-six (26) as if fully set forth herein.

68.    As alleged above, Sheepshead Diving entered into the Service Contract to perform service the Subject Vessel.

69.    By undertaking to provide professional marine services Sheepshead Diving impliedly warranted that its work would be performed in a safe, competent, and workmanlike manner, consistent with:

    c.  The skill and care ordinarily exercised by reasonably prudent marine service providers; and

    d.  Applicable marine industry standards.

70.    The Assured, as the owner and user of the Subject Vessel, was an intended beneficiary of Sheepshead Diving's implied warranty of workmanlike performance.

71.    Sheepshead Diving breached the implied warranty of workmanlike performance by, among other things:

    a.  Moving the unsecured propeller shafts created a serious and foreseeable unsafe condition; and

    b.  Otherwise failing to act as a reasonably prudent marine service provider under the same or similar circumstances.

72.    As a result of these breaches of the implied warranty of workmanlike performance, the propeller shafts were not reasonably safe, was not fit for its intended and ordinary marine use, and rendered the Subject Vessel susceptible to sinking.

73.    Sheepshead Diving's breach of the implied warranty of workmanlike performance directly and proximately caused the vessel to sink on September 14, 2025.

74.    As a consequence of these breaches, Plaintiff, as subrogee of the Assured, has suffered damages in at least the amount of $221,500.00, plus the deductible and any other recoverable damages, together with interest and costs.

**WHEREFORE,** Plaintiff demands judgment against Sheepshead Diving on Count VII for all damages recoverable at law, together with pre- and post-judgment interest, costs of this action, and such other and further relief as the Court deems just and proper.

Dated: May 18, 2026.

Respectfully submitted,

*/s/ Henry A. Yaniz*
**JUAN C. PEREZ, JR.**
Florida Bar No. 91581
jperez@admiral-law.com
**HENRY A. YANIZ**
Florida Bar No. 1049169
hyaniz@admiral-law.com

16

**HORR, SKIPP & PEREZ, P.A.**
Two Datran Center, Suite 1700
9130 S. Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
*Attorneys for Plaintiff*

17